J.S04043/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
               Appellee :
:
      v. :
:
:
HAAMIR BROWN, :
:
               Appellant : No. 1742 EDA 2013

Appeal from the PCRA Order May 17, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0011354-2009

BEFORE: BENDER, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED SEPTEMBER 10, 2014**

Appellant, Haamir Brown, takes this appeal *pro se* from the order of the Philadelphia County Court of Common Pleas dismissing, as untimely, his first Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petition. Appellant claims he is entitled to relief based on the ineffective assistance of plea counsel and appointed PCRA counsel. We are constrained to affirm.

On October 18, 2010, Appellant pleaded guilty to one count each of conspiracy and possession with intent to deliver cocaine.[1] At that time,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 903(a)(1); 35 P.S. § 780-113(a)(30). Appellant was arrested after a controlled purchase in which a confidential informant gave "buy money" to Appellant's coconspirator, the coconspirator exchanged the

Appellant was represented by Robert Mozenter, Esq. ("plea counsel"). Under the terms of the plea agreement, the Commonwealth agreed not to pursue a mandatory minimum sentence of three years and recommended an aggregate sentence of two to four years' imprisonment. *See* N.T., 10/18/10, at 3-4; Written Guilty Plea Colloquy, 10/18/10, at 1. On the written plea colloquy, Appellant acknowledged, "I know if the judge does not agree with the plea bargain or agreement, I can withdraw my guilty plea and have a trial before a judge and jury or before a jury alone." Written Guilty Plea Colloquy at 1.

When entering his plea, Appellant requested a delay in his surrender date. The trial court accepted the plea, imposed the negotiated aggregate sentence, and allowed Appellant to surrender on November 16, 2010. The court warned him:

> [I]t is very, very important you show up. I have this discussion with everybody. I have now given two people these maximum sentences, and this [plea agreement] is a lot less time. You have 40 years exposure. You don't want to do 20 to 40. I don't want you to do 20 to 40.
>
> If you don't appear, this is what is going to happen. I am going to vacate your sentence, resentence you, and

---

money for a package of crack cocaine from Appellant, and the coconspirator delivered the cocaine to the confidential informant. At the time of his arrest, Appellant was in possession of $452, including the buy money, 15 packets of cocaine, and a 2.818 gram "chunk" of cocaine. Appellant also had three prior convictions for possession with intent to deliver controlled substances, and prior convictions for simple assault, terroristic threat, and possessing an instrument of crime.

> probably give you the maximum. So it is very, very important you show up.

N.T. at 23-24.

Appellant failed to appear on his surrender date. The trial court scheduled a hearing for the following day for the "presence of defense counsel." Docket, CP-51-CR-0011354-2009, at 8. The court, on November 17, 2010, issued a bench warrant for Appellant, vacated the negotiated sentence due to his "willful failure to appear," and resentenced him to ten to twenty years' imprisonment. *Id.* at 8-9. Appellant was not present at this resentencing proceeding,[2] and plea counsel did not file post-sentence motions or a direct appeal on his behalf. Appellant was taken into custody more than five months later. On April 27, 2011, the court lifted its bench warrant with a notation that Appellant was serving the November 17th sentence imposed *in absentia*. *Id.* at 9.

On January 6, 2012, Appellant filed the *pro se* PCRA petition giving rise to this appeal.[3] Appellant asserted: (1) the November 17, 2010 sentence constituted a separate, illegal conviction for escape; (2) the trial court improperly resentenced him *in absentia* without considering his

---

[2] A record of the November 17, 2010 resentencing proceeding was not ordered to be transcribed nor placed in the certified record.

[3] A stamp bearing a mailing date of January 6, 2012, was attached to Appellant's *pro se* PCRA petition. Therefore, we use that mailing date as the filing date of Appellant's petition. *See Commonwealth v. Little*, 716 A.2d 1287, 1288-89 (Pa. Super. 1998) (discussing "prisoner mailbox rule").

explanations for his failure to surrender; and (3) he was entitled to enforcement of his previously negotiated two to four year sentence based on plea counsel's ineffectiveness, abandonment, or misrepresentations regarding the November 17th resentencing proceeding.[4]

The PCRA court appointed John P. Cotter, Esq. ("PCRA counsel") to represent Appellant. On August 29, 2012, PCRA counsel filed a **Turner**/**Finley**[5] letter indicating Appellant was not entitled to relief because the sentence was within the statutory maximum for the offenses and the PCRA petition was untimely filed. Letter, John P. Cotter, Esq., to Hon. Glenn B. Bronson, 8/29/12, at 2. On November 16, 2012, PCRA counsel filed a supplemental **Turner**/**Finley** letter addressing Appellant's additional *pro se* filings, but reaching the same conclusion. Letter, John P. Cotter, Esq., to Hon. Glenn B. Bronson, 11/16/12, at 2.

On December 7, 2012, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. Appellant filed a *pro se* response to the Rule 907 notice, alleging, *inter alia*, PCRA counsel's ineffectiveness. On January 8, 2013, Appellant filed a supplemental *pro se* objection asserting the discovery of new evidence,

---

[4] Appellant did not request a withdrawal of his guilty plea to the underlying drug charges or a reinstatement of his direct appeal rights.

[5] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

namely, newspaper articles regarding alleged malfeasance in the Philadelphia Police Narcotics Unit.[6] On January 23, 2013, PCRA counsel filed an amended PCRA petition based on Appellant's allegation of newly discovered evidence. However, on March 13, 2013, PCRA counsel filed another **Turner/Finley** letter, asserting that Appellant's allegations were meritless because none of the officers involved in Appellant's arrest were implicated in the reported malfeasance. Letter, John P. Cotter, Esq., to Hon. Glenn B. Bronson, dated 3/12/13, at 2.

The PCRA court, on March 28, 2013, again issued a Rule 907 notice of its intent to dismiss Appellant's amended petition without a hearing. Appellant filed a *pro se* response again asserting PCRA counsel's ineffectiveness and requesting an evidentiary hearing to consider whether he was entitled to a two to four year sentence. The court, on May 17, 2013, entered an order permitting PCRA counsel to withdraw and dismissing Appellant's petition as untimely filed. This appeal followed.[7]

Appellant presents the following question in his *pro se* brief:

> Did the PCRA Court abuse its discretion and err[ ] when the court failed to conduct a cause hearing to determine if *absentia* was warranted; and further err in (1) sentencing

---

[6] Appellant, in his *pro se* brief in this Court, does not argue his discovery of these newspaper articles entitles him to substantive relief or relief from the PCRA time-bar. Therefore, any claim based on these articles has been abandoned.

[7] The PCRA court did not order the filing of a Pa.R.A.P. 1925(b) statement, but prepared an opinion in support of its decision.

Appellant to . . . 10 to 20 years for escape a distinct crime that was not proven; (2) not finding plea counsel ineffective in advising Appellant he had an extension to surrender; and PCRA counsel was ineffective for failing to raise this claim?

Appellant's Brief at 5.

Appellant argues he is entitled to relief because the PCRA court "must first hold a hearing to determine when the one year [PCRA time bar] actually started because he has been charged and convicted of a **new Charge** of 'escape' which is a distinct crime." *Id.* at 12 (emphasis in original). He insists he had a reasonable explanation for his failure to surrender on November 16, 2010, *i.e.* he was caring for his daughter. *Id.* at 11. He also claims plea counsel led him to believe the trial court extended his surrender date past November 16, 2010. *Id.* Additionally, Appellant alleged he was unaware that the trial court resentenced him to a ten to twenty year sentence until November 1, 2011, approximately seven months after he was taken into custody and nearly one year after the sentence was imposed. *See id.* at 6; Appellant's PCRA Pet., 1/6/12, at 3. Lastly, Appellant asserts that PCRA counsel was ineffective for failing to investigate his claims. We conclude Appellant's claims related to plea counsel's ineffectiveness are time-barred under the PCRA and no prejudice resulted from PCRA counsel's alleged ineffectiveness.

Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed

unless there is no support for the findings in the certified record.

***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citations omitted). "[W]e may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm." ***Commonwealth v. Blackwell***, 936 A.2d 497, 499 (Pa. Super. 2007) (citation omitted).

It is well settled that

> no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.[ ] § 9545(b)(3).

> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.[ ] § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.[ ] § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims."

*Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006) (some citations omitted). The Pennsylvania Supreme Court has emphasized that "[t]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1162 (Pa. 2003) (citations omitted).

However, this Court has observed,

> "The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." An indigent petitioner is entitled to appointment of counsel on his first PCRA petition, even where the petition appears untimely on its face. In such cases, counsel is appointed principally to determine whether the petition is indeed untimely, and if so, whether any exception to the timeliness requirements of 42 Pa.C.S.[ ] § 9545(b) applies.
>
> The right to counsel on an indigent petitioner's first PCRA petition is not limited to the mere naming of an attorney. To have any meaning, the rule also requires appointed counsel to provide meaningful representation.

*Commonwealth v. Perez*, 799 A.2d 848 (Pa. Super. 2002) (citations omitted).

Instantly, the trial court sentenced Appellant on October 16, 2010, to two to four years' imprisonment, after accepting his guilty plea and the Commonwealth's sentencing recommendation. When Appellant failed to appear for his surrender date, the court, on November 17, 2010, vacated the October 16th sentence and resentenced Appellant *in absentia* to ten to twenty years' imprisonment—five times the length of the original sentence. The conviction challenged by Appellant thus became final on December 17, 2010, when the time for taking an appeal to this Court expired.[8] *See* 42 Pa.C.S. § 9545(b)(1), (3). Consequently, Appellant had until Monday, December 19, 2011, to file a PCRA petition within the one-year time requirement. *See* 1 Pa.C.S. 1908 (setting rules for calculation of time); 42 Pa.C.S. § 9545(b)(1). Appellant, however, filed his first *pro se* PCRA petition on January 6, 2012, eighteen days after the PCRA's mechanical one-year period expired. Therefore, his petition was untimely on its face.

Following our review of Appellant's PCRA petition, his Rule 907 responses, his brief, and the record, we are compelled to conclude that the instant petition is untimely. Assuming *arguendo*, Appellant did not discover

---

[8] Both PCRA counsel and the PCRA court appeared to have used the October 16, 2010 sentencing date to determine the untimeliness of Appellant's PCRA petition.

that he had been resentenced *in absentia* to a ten to twenty year sentence until November 1, 2011, **see** PCRA Pet., 1/6/12, at 3, he had sixty days from the time of the discovery of that fact to file a timely petition. **See** 42 Pa.C.S. § 9545(b)(1)(ii), (2); **Commonwealth v. Wilson**, 824 A.2d 331, 336 n.9 (Pa. Super. 2003) (noting sixty day period in subsection 9545(b)(2) begins to run from moment previously unknown fact was discovered). Therefore, even if Appellant alleged the discovery of previously unknown fact—*i.e.*, plea counsel's failure to protect his interests at the resentencing proceeding—he was required to file a PCRA petition by December 31, 2011. Accordingly, Appellant's underlying *pro se* petition, filed on January 6, 2012, did not fall within the exception created by Section 9545(b)(1)(ii). **See** 42 Pa.C.S. § 9545(b)(1)(ii), (2); **Wilson**, 824 A.2d at 336 n.9.

Moreover, because the timeliness of a PCRA petition is jurisdictional, we cannot consider the merits of Appellant's claims that plea counsel failed to protect his interests and rights at the resentencing hearing.[9] **See Pollard**, 911 A.2d at 1007. Similarly, we cannot, under the PCRA, consider whether the trial court possessed the authority to resentence Appellant to a

---

[9] We note that Appellant's claim that the November 17, 2010 resentencing proceeding constituted a separate, uncharged conviction for escape is belied by the record. Appellant, when entering his plea to the underlying drug offenses, sought an extension of time to surrender and begin service of his two to four year sentence. The trial court, after accepting the plea and sentencing pursuant to the plea agreement, accommodated Appellant's request but warned him that he could be resentenced up to the maximum sentence if he did not comply with the surrender date. Appellant acknowledged he understood the trial court's terms.

ten to twenty year sentence after it previously accepted and sentenced him to the negotiated two to four year sentence. *See id.*; *see also Commonwealth v. Baroni*, 827 A.2d 419, 421 (Pa. 2003) ("The precept that structural errors can never be deemed harmless does not serve to create state court jurisdiction that is otherwise absent."); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Thus, we conclude that Appellant did not establish an exception to the PCRA time-bar.

Lastly, Appellant contends that PCRA counsel was ineffective because he failed to interview plea counsel. Appellant preserved this claim of PCRA counsel's ineffectiveness in the PCRA court. Therefore, we may address them in this appeal. *See Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009).

A PCRA petitioner alleging the ineffectiveness of PCRA counsel "will only be entitled to relief if he can show: (1) that his claim has arguable merit; (2) that counsel's actions or inaction was not the product of a reasonable strategic decision; and, (3) that he suffered prejudice because of counsel's action or inaction." *Commonwealth v. Pursell*, 724 A.2d 293, 304 (Pa. 1999). Prejudice, for the purposes of a claim of ineffectiveness, requires a petitioner to demonstrate a reasonable possibility that the

outcome of the proceeding—instantly, the PCRA proceeding—would be different. **_See id._**

As noted above, our review reveals no basis in the record to assert an exception to the PCRA time-bar. Therefore, Appellant's argument that PCRA counsel should have investigated the merits of his claim by contacting plea counsel fails to establish any prejudice.[10]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2014

---

[10] We note, however, that PCRA counsel's analysis of the timeliness and arguments raised in Appellant's PCRA petition were, at best, perfunctory.